Case 4:15-cv-00241 Document 27 Filed in TXSD on 03/23/16 Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
March 23, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL HARRIS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-241 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on petitioner Daniel Harris' petition for a writ of habeas corpus, and respondent William Stephens' motion for summary judgment. Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted, and Harris' petition should be dismissed.

### I. Background

Harris was convicted by a jury of aggravated kidnaping in the 182nd Judicial District Court of Harris County, Texas. That court sentenced him to 33 years imprisonment.

The First Court of Appeals summarized the facts of the case:

> Angela Odom, the complainant, testified that on February 18, 2009, while she was sleeping at her home, [Harris], her sister's husband, came to her house at approximately 3:00 or 4:00 a.m. [Harris] pointed a firearm at Odom and demanded to be shown where her sister was staying. Odom then drove [Harris] to the apartment complex where her sister was staying, and [Harris] pointed the firearm at Odom for the duration of the drive. She parked her car and, because she did not want to show [Harris] where her sister was staying, Odom led [Harris] to the apartment of her uncle, who was staying at the same apartment complex as her sister. After her uncle answered the door and offered for the two of them to come inside his apartment, [Harris] grabbed Odom by the arm and led her back to her car, where he discharged the

>firearm into the car's dashboard because he was "frustrated." As they sat in the car, Odom saw two police patrol cars park nearby. Police officers then approached her car and took [Harris] and Odom out of the car. After questioning [Harris], Odom, her uncle, and her sister, the police officers arrested [Harris] for aggravated kidnapping.

*Harris v. State*, No. 01-11-00213-CR (Tex. App. – Houston [1st Dist.] 2012), slip op. at 2-3.

Texas' First Court of Appeals affirmed the judgment. *Id.* Harris did not file a petition for discretionary review.

On May 28, 2013, Harris filed a state habeas corpus application. The Texas Court of Criminal Appeals ("TCCA") denied the application without written order on the findings of the trial court. SH at Action Taken Page, 18.[1]

Harris filed this federal petition for a writ of habeas corpus on January 22, 2015. Respondent moved for summary judgment on August 10, 2015. Harris filed a response on August 25, 2015, and a supplemental brief on August 28, 2015.

## II. The Applicable Legal Standards

### A. The Anti-Terrorism and Effective Death Penalty Act

This federal petition for habeas relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).

---

[1] "SH" refers to the transcript of Harris' state habeas corpus proceeding.

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this Court may grant federal habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). Under the "contrary to" clause, this Court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 406. "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd*, 286 F.3d 230 (5th Cir. 2002) (en banc), *cert. denied sub nom. Neal v. Epps*, 537 U.S. 1104 (2003). The solitary inquiry for a federal court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" *Id.* (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*,

247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254 (d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The State court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997).

**B.     The Standard for Summary Judgment in Habeas Corpus Cases**

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Insofar as they are consistent with established habeas practice and procedure, the Federal Rules of Civil Procedure apply to habeas cases. *See* Rule 11 of the Rules Governing Section 2254 Cases. In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). Where a state prisoner's factual allegations have been adversely resolved by express or implicit findings of the state courts, however, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the

petitioner's favor. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000); *Emery v. Johnson*, 940 F.Supp. 1046, 1051 (S.D. Tex. 1996), *aff'd*, 139 F.3d 191 (5th Cir. 1997). Consequently, where facts have been determined by the Texas state courts, this Court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

### III. Analysis

Harris' petition raises 11 claims for relief, including subclaims. These are addressed in turn.

#### A. Ineffective Assistance of Counsel

Harris raises four subclaims of ineffective assistance of trial counsel, and four subclaims of ineffective assistance of appellate counsel.

##### 1. Trial Counsel

Harris contends that counsel failed to: a) seek a ballistics report for the gunshot into the dashboard; b) present mitigating evidence; c) provide a proper defense; and d) challenge the indictment. To prevail on a claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing

professional norms, and must be viewed under the totality of the circumstances. *Id.* at 688. Review of counsel's performance is deferential. *Id.* at 689.

A petitioner faces an especially high hurdle in raising an ineffective assistance of counsel claim in a habeas corpus petition. Having already unsuccessfully raised this issue in state court, Harris must not only meet the *Strickland* test, but must also demonstrate that the state court's adjudication of the claim was unreasonable.

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' *id.,* at 689; *Lindh v. Murphy,* 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles* [*v. Mirzayance*]*,* 556 U.S. [111,] 123, 129 S.Ct. [1411], at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. *Id*. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland* 's deferential standard.

*Premo v. Moore*, 562 U.S 115, 122-23 (2011).

      a.      Ballistics Report

In his first claim for relief, Harris contends that trial counsel rendered ineffective assistance by failing to seek a ballistics report on the gunshot to the dashboard of Odom's car. Harris' trial counsel, Steven Greenlee, submitted an affidavit in connection with Harris' state habeas corpus application in which Greenlee stated that he informed Harris that firing the gun was not an element of the crime; the State had only to prove that he threatened the victim with

the gun in the course of restraining the victim's freedom. SH-02 (Doc. # 18-10) at 5.² The state habeas court found that counsel was not ineffective. *Id.* at 14-19.

Greenlee correctly stated the law. "A person commits an offense [of aggravated kidnapping] if the person intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense." TEX. PENAL CODE ANN. § 20.04. There is no dispute that Harris had a gun during the kidnapping. Thus, whether the gunshot came from his gun or not is irrelevant to the offense charged. Therefore, the failure to obtain a ballistics report did not constitute deficient performance by counsel. Relief is denied on this claim.

      b.  <u>Failure to Present Mitigating Evidence</u>

Harris next complains that counsel failed to investigate and obtain mitigating evidence. Specifically, he refers to police and medical reports of a prior physical assault suffered by Harris.

Harris' claim is not entirely clear, but it appears that he is arguing that counsel should have presented evidence that Harris was assaulted some time before the kidnapping, and was carrying the gun for self defense. As noted above, however, the evidence showed that Harris used the gun to threaten Odom during the kidnapping. *See*, *e.g.*, 3 Tr. at 28 (Angela Odom testifying that Harris pointed the gun at her).³ Therefore, his reason for obtaining the gun was irrelevant. Moreover, the prosecutor pointed out during his cross examination of Harris that it was illegal for Harris to possess the gun because he had a prior felony conviction for arson. 4 Tr. at 138. Harris therefore fails to demonstrate that his purported reason for obtaining the gun was in any way mitigating, or that counsel was deficient for failing to present this information.

---

²   "SH" refers to the transcript of Harris' state habeas corpus proceedings.

³   "Tr." refers to the transcript of Harris' trial.

      c.  <u>Failure to Provide A Proper Defense</u>

  Harris next complains that counsel allowed what Harris characterizes as false gunshot evidence, perjured testimony by Odom, and perjured expert witness testimony. He also complains that counsel failed to investigate the prior felony used for enhancement purposes.

  As discussed above, the gunshot evidence is not material because evidence showed that Harris threatened Odom with the gun. That threat was sufficient to support the conviction, whether Harris fired the gun or not.

  Harris points to what he characterizes as inconsistencies in Odom's testimony as evidence that she committed perjury. It is unclear what the alleged inconsistencies are, but Harris' supplemental brief in opposition to respondent's motion for summary judgment indicate that he is claiming inconsistencies in Odom's testimony regarding the gunshot to her dashboard.

  Assuming that Harris has identified inconsistencies in Odom's testimony, this does not demonstrate that she perjured herself. *See, e.g., Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990). Moreover, as discussed above, the question of whether Harris fired the gun is not material. Harris fails to demonstrate that Odom committed perjury. While Harris' petition refers to perjured expert witness testimony, a review of the record shows that no expert testimony was offered.

  Harris thus fails to demonstrate that any witness committed perjury or that any false evidence was admitted. There was therefore no false evidence for counsel to challenge. and Harris is not entitled to relief on this claim.

      d.  <u>Failure to Challenge the Indictment</u>

  Harris next complains that counsel failed to challenge the indictment. The petition is unclear, but it appears that Harris believes that the incorrect use of a male pronoun to describe

Odom, *see* SH-02 (Doc. # 18-10) at 28 (referring to "his" consent, and "intent to prevent 'his' liberation") renders the indictment defective. He also complains that counsel failed to say "anything about requisite of enhancements to show it is not mandatory in this case, nor necessary since trial counsel only wanted to do plea deal."

> [A]n indictment is sufficient if it [1] contains the elements of the offense charged and [2] fairly informs a defendant of the charge against him, and [3] enables him to plead acquittal or conviction in bar of future prosecutions for the same offense. Practical, not technical, considerations govern the validity of an indictment, and the test of the validity of an indictment is "not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards.

*United States v. Chaney*, 964 F.2d 437, 446 (5th Cir. 1992) (internal quotation marks and citations omitted). The incorrect use of male pronouns did not implicate any of these concerns. Therefore, they did not render the indictment defective.

Harris' complaint about the enhancement paragraph is unclear. The indictment contained a single enhancement paragraph, stating that Harris was previously convicted of arson. Harris pled true to the enhancement. He does not now contend that the enhancement paragraph was inaccurate. He therefore identifies no basis for counsel to object to the enhancement. For the foregoing reasons, Harris fails to demonstrate that trial counsel rendered deficient performance.

    2.  <u>Ineffective Assistance of Appellate Counsel</u>

Harris contends that he received ineffective assistance of appellate counsel because counsel failed to: a) review the record to determine the strongest issues for appeal; b) obtain a ballistics report for the gunshot evidence; c) challenge the allegedly perjured testimony; and d) challenge the indictment.

A defendant is constitutionally entitled to effective assistance of appellate counsel when he has a right to appeal under state law. *Evitts v. Lucy*, 469 U.S. 387, 395 (1985). The *Strickland* two-prong standard applies to claims of ineffective assistance of appellate counsel. *Duhamel v. Collins*, 955 F.2d 962, 967 (5th Cir. 1992).

As discussed above, Harris' complaints regarding the ballistics report, the allegedly perjured testimony, and the indictment are all without merit. Because none of these issues provides grounds for relief, appellate counsel was not deficient for failing to raise them. *See, e.g., Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point"); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections."). In addition, because such claim would have been without merit, it is not reasonably probable that counsel would have obtained any relief had the claims been presented.

Harris fails to identify any other specific claim that appellate counsel could or should have raised. Appellate counsel is not required to raise every possible non-frivolous claim on appeal. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). In light of Harris' failure to identify any potentially meritorious claim not raised by appellate counsel, he fails to demonstrate deficient performance. Therefore, Harris is not entitled to relief on his ineffective assistance of appellate counsel claims.

B. **Prosecutorial Error**

In his final two claims, Harris contends that the prosecutor introduced perjured testimony, and failed to introduce a ballistics report to support what Harris characterizes as perjured

testimony concerning the gunshot. "To constitute a due process violation, the prosecutorial misconduct must be "'of sufficient significance to result in the denial of the defendant's right to a fair trial.'" *Greer v. Miller*, 483 U.S. 756, 765 (1987) (quoting *United States v. Bagley*, 473 U.S. 667, 676 (1985) (quoting *United States v. Agurs*, 427 U.S. 97, 108 (1976)). "'A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted.'" *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (quoting *Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992)), *cert. dismissed*, 531 U.S. 1134 (2001). The Fifth Circuit has observed that a "prosecutor's improper [conduct] will, in itself, exceed constitutional limitations in only the most egregious cases." *Menzies v. Procunier*, 743 F.2d 281, 288-89 (5th Cir. 1984).

A prosecutor may not knowingly use perjured testimony or allow such testimony to go uncorrected. *Giglio v. United States*, 405 U.S. 150, 154 (1972); *Napue v. Illinois*, 360 U.S. 264, 269 (1959). To merit relief, Harris must show that the testimony was false, was material, and that the prosecution knew it was false. *Boyle v. Johnson*, 93 F.3d 180, 185 (5th Cir. 1996).

As discussed above, Harris fails to demonstrate that any witness committed perjury. It necessarily follows that, if the testimony was not perjured, then the prosecution cannot have known that it was perjured. Moreover, as further discussed above, evidence concerning the gunshot was not material because discharge of the weapon was not an element of the offense, and there was other evidence that Harris threatened Odom with the gun. Harris therefore fails to demonstrate any prosecutorial error rising to the level of a constitutional violation.

    C.    **<u>Evidentiary Hearing</u>**

Harris has also filed a motion for an evidentiary hearing. An evidentiary hearing is not required if there are "no relevant factual disputes that would require development in order to

assess the claims." *Williams v. Taylor*, 529 U.S. 420, 436 (2000) (stating that it was "Congress' intent to avoid unneeded hearings in federal habeas corpus"); *Robison v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999). "If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require." Rules Governing Section 2254 Cases R. 8. Petitioner has not demonstrated any factual dispute that would entitle him to relief. *See Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Each of Petitioner's claims can be resolved by reference to the state court record, the submissions of the parties, and relevant legal authority. There is no basis upon which to hold an evidentiary hearing on these claims

## IV. Conclusion

For the foregoing reasons, respondent's motion for summary judgment is granted, Harris' motion for an evidentiary hearing is denied, and Harris' petition is dismissed with prejudice.

## V. Certificate of Appealability

Harris has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the

conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Harris' petition and concludes that Harris fails to make a substantial showing of the denial of a constitutional right. The court concludes that jurists of reason would not find this Court's ruling debatable. This Court concludes that Harris is not entitled to a certificate of appealability.

**VI.** **Order**

For the foregoing reasons, it is ORDERED as follows:

A. Respondent William Stephens' motion for summary judgment (Dkt. No. 23) is GRANTED;

B. Petitioner Daniel Harris' petition for a writ of habeas corpus (Dkt. No. 1) is DISMISSED WITH PREJUDICE;

  C. Petitioner Daniel Harris' motion for an evidentiary hearing (Dkt. No. 15) is DENIED; and

  D. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 23rd day of March, 2016.

          _____
          Kenneth M. Hoyt
          United States District Judge